UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


NICHOLAS J. QUEEN,                  :
                                    :
            Plaintiff               :
                                    :
      v.                            :    CIVIL NO. 3:CV-06-630
                                    :
GARY S. KREAMER,                    :    (Judge Conaboy)
                                    :
            Defendant               :
_____

### MEMORANDUM

### Background

Nicholas J. Queen, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se civil rights action. Along with his complaint, Plaintiff has submitted a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Queen's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as sole Defendant is USP-Lewisburg Correctional Officer Gary S. Kreamer. Plaintiff states that on March 1, 2006, he was walking "through the institutional corridor" when the Defendant "confronted" him and ordered the prisoner to undergo a

---

1. Queen completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of USP-Lewisburg to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

pat down search.  Doc. 1, ¶ 7.  Queen indicates that he submitted to the search and that Officer Kreamer refused to answer his questions regarding the basis for the search.  After the search was completed, Plaintiff was allowed to proceed down the corridor.  On March 6, 2006, the Defendant allegedly entered Queen's cell, woke him up in a loud and intimidating voice and ordered him to report to the Lieutenant's office "for prehearing detention."  Id. at ¶ 8.

The complaint indicates that after reporting to the Lieutenant's office, Plaintiff was issued a misconduct charging him with failing to perform work as instructed and placed in "detention mandated for disciplinary proceedings."  Id. at ¶ 9.  The next day, Queen was again "subjected to prehearing detention at the institutional Counselor's office."  Id. at ¶ 11.  Plaintiff maintains that his placement in prehearing detention violated his rights under the Eighth Amendment.

Following a hearing before the Unit Disciplinary Committee (UDC), the Plaintiff was acquitted of the misconduct charge and released from prehearing detention.[2]  Queen alleges that the Defendant "arbitrarily and capriciously" issued him a misconduct in retaliation and thereby violated his due process rights.  Id. at ¶ 10.  His complaint seeks compensatory and punitive damages for physical, mental and emotional injuries.

---

2. Upon completion of an investigation of disciplinary charges, the UDC conducts an initial hearing.  See 28 C.F.R. § 541.15.  The UDC has the authority to find that an inmate did not commit the prohibited act charged in the misconduct report.

**<u>Discussion</u>**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915, <u>e.g</u>., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or

3

no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton</u>, 504 U.S. at 33.

**<u>Mental and Emotional Injury</u>**

Queen alleges that he suffered mental and emotional injuries as a result of the Defendant's alleged conduct. Although Plaintiff also contends that he suffered physical injury, there are no alleged physical injuries described in the complaint.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u> and Section 1997e(e), Queen's civil rights claims which clearly assert violation of his constitutional rights and seek both compensatory and punitive

4

damages will proceed to the extent that they seek non-compensatory damages.  See Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001).[3]

**Verbal Harassment**

Plaintiff asserts that the Defendant spoke to him in a "loud and intimidating voice" on March 6, 2006.  Doc. 1, ¶ 8.  It appears that this averment may be attempting to set forth a claim of verbal harassment against Correctional Officer Kreamer.

It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983.  Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); and Jones v. Superintendent, 370 F. Supp. 488, 491 (W.D. Va. 1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130

---

3.   It is noted that in Ostrander, unlike the present case to date, there was a specific finding that the prison officials' conduct did not violate the prisoner's constitutional rights.

(3d Cir. 1986) (Mem.).  A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991).

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim.  For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words.  See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife).  It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right.  Bieros v. Nicola, 860 F. Supp. 226, 233 (E.D. Pa. 1994); see also Prisoners' Legal Ass'n, 822 F. Supp at 189; Murray, 809 F. Supp. at 384.

Queen has not alleged that the purported verbal harassment was accompanied by the type of reinforcing physical act contemplated under Northington and Douglas.  Rather, his complaint asserts only that Correctional Officer Kreamer spoke to him in a loud and intimidating manner on a single occasion.  There is also no indication that the Plaintiff was threatened with any harm, rather, the prisoner was simply ordered to report to the

Lieutenant's office.  Since Queen did not suffer a change or denial of a constitutionally protected right or status, his allegation of verbal harassment does not rise to the level of a viable civil rights claim.

**Pre-Hearing Custody**

Plaintiff states that following the issuance of the misconduct charge on March 6, 2006, he was also placed in pre-hearing detention.  The exact nature and length of this detention is unclear, however, it was clearly of short term duration.[4]

In <u>Griffin v. Vaughn</u>, 112 F.3d 703 (3d Cir. 1997), the Court of Appeals for the Third Circuit addressed an action initiated by a Pennsylvania state inmate who had been held in administrative custody for a prolonged period.  The Court applied the standards developed in <u>Sandin v. Conner</u>, 515 U.S. 472, 480-84 (1995) and concluded that placement without any type of due process hearing for a period of fifteen (15) months was not an atypical and significant hardship.  Furthermore, the inmate's "commitment to and confinement in administrative custody did not deprive him of a liberty interest and that he was not entitled to procedural due process protection."  <u>Id</u>. at 708.  It added that prolonged confinement in administrative custody was not cruel and unusual

---

4.   Plaintiff states that his detention started on March 6, 2006, and also took place the following day "at the Institutional Counselor's Office."  Doc. 1, ¶ 11.  Queen admits that he was released from detention following the UDC hearing.  A UDC hearing is ordinarily held within three (3) working days from the time prison staff became aware of the inmate's involvement in the incident.  <u>See</u> 28 C.F.R. § 541.15(b).  It is also noted that Plaintiff's complaint is dated March 29, 2006.

punishment.  Id. at 709.  Finally, an inmate placed in administrative custody pursuant to a legitimate penological reason could "be required to remain there as long as that need continues."  Id.

It is undisputed that Queen's placement in prehearing detention resulted from the issuance of a misconduct charge.  Thus, there was clearly a legitimate purpose underlying the prehearing detention.  Furthermore, the placement was only temporary, i.e., it terminated upon the acquittal by the UDC and most likely lasting only a few days, and at the most was approximately (3) weeks in duration.  Thus, under the standards announced in Griffin, a viable constitutional claim has not been stated.

**Retaliation**

The filing of a disciplinary charge, although not otherwise actionable under § 1983, is actionable if done in retaliation for an inmate's filing of a grievance pursuant to established procedures.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); see also Newsom v. Norris, 888 F.2d 371, 377 (6th Cir. 1989) (filing of false disciplinary charges is not a constitutional violation unless charges were filed in retaliation for the exercise of a constitutional right); Flanagan v. Shively, 783 F. Supp. 922, 931 (M.D. Pa. 1992) (McClure, J.) (same); Wilson v. Maben, 676 F. Supp. 581, 584 (M.D. Pa. 1987) (Nealon, J.) ("When an inmate charged with misconduct has been afforded . . . procedural due process . . ., an allegation that he was falsely accused does not

8

state a claim for a violation of his constitutional rights . . . .").

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

In Rauser v. Horn, 241 F.3d 330, 333 (2001), the Third Circuit held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. Id. Allah defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah, 229 F.3d at 225.

There are no facts set forth in the present complaint which could support a claim that the issuance of a misconduct by Correctional Officer Kreamer was motivated by retaliation. There is clearly no allegation by Queen that the misconduct charge was motivated in substantial part by a desire to punish him for his initiation of an institutional grievance or engagement in the exercise of any other constitutionally protected right. Plaintiff

has not alleged any facts which could establish a retaliatory motive by the Defendant or any other official at USP-Lewisburg. Thus, Queen's wholly speculative retaliation claim fails to satisfy the requirements of <u>Rauser</u>.

In conclusion, since Plaintiff has failed to set forth a viable claim of constitutional misconduct, his complaint will be dismissed, without prejudice.  An appropriate Order will enter.


                    <u>s/Richard P. Conaboy</u>

                    RICHARD P. CONABOY
                    United States District Judge


DATED: APRIL 11, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS J. QUEEN,                  :
                                    :
            Plaintiff               :
                                    :
      v.                            :    CIVIL NO. 3:CV-06-630
                                    :
GARY S. KREAMER,                    :    (Judge Conaboy)
                                    :
            Defendant               :
_____

**ORDER**

     AND NOW, THEREFORE, THIS 11th DAY OF APRIL, 2006, IT IS
HEREBY ORDERED THAT:

> 1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).
> 2. The Clerk of Court is directed to close the case.
> 3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                         S/Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge

11